**ORIGINAL**

2010-61650    7P

Cause No. _____

| | | |
|---|---|---|
| Murl Murphy, Plaintiff | § § § | IN THE DISTRICT COURT OF |
| vs. | § § § | HARRIS COUNTY, TEXAS |
| Spears Manufacturing Company, Inc., Defendant | § § § | 190th JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE

COMES NOW, Murl Murphy, plaintiff in the above titled and captioned matter and makes and files this, his Plaintiff's Original Petition & Request for Disclosure complaining of defendant Spears Manufacturing Company, Inc. and for cause of action thereon would respectfully show unto the Court the following:

### Discovery

1. Murphy intends to conduct discovery under Level 2 of the Texas Rules of Civil Procedure.

### Parties

2. Plaintiff, Murl Murphy, is a resident of Cypress, Texas located in Harris County and has been during all events complained of herein.

3. Defendant Spears Manufacturing Company, Inc. is a California Corporation that conducts business in and throughout the State of Texas. Spears Manufacturing Company, Inc. may be served with process by serving its registered agent **CT Corporation System** at **350 North Paul Street, Dallas, Texas 75201**.



EXHIBIT B-1



FILED
Loren Jackson
District Clerk

SEP 21 2010

Time: 10:52 am

By _____ Deputy

Harris County, Texas

Murphy v. Spears – Plaintiff's Original Petition & Request for Disclosure
- 1 -

## Venue

4. Venue is proper in Harris County, Texas pursuant to Texas Civ. Prac. & Rem. Code § 15.002(a) because Harris County is the county in which plaintiff resided and the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

## Jurisdiction

5. The district courts of Harris County have jurisdiction to hear this case pursuant to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 12101 et. seq. (*See also Yellow Freight Sys. v. Donnelly*, 494 U.S. 820, 821 (1990)).

6. Plaintiff sues for damages, the amount of which is greater than the jurisdictional minimum, but less than the jurisdictional maximum, of this Court.

## Factual Background

7. Defendant is a national pipe valve and component manufacturer based in California. They maintain regional offices and distribution centers across the country and employ over 1000 people. On or about July 18, 2007 they hired Murphy as a Technical Service Representative. At the time, Murphy was 61 years old. His job was to travel to defendant's various clients, answer questions, and assist clients with products and demonstrations. Murphy traveled throughout Texas doing this for the remainder of 2007 and 2008. During this entire time, defendant classified Murphy as a "Regular At Will Full-Time Employee."

8. Then, in November 2008 Murphy was diagnosed with stomach cancer. His physician recommended that Murphy take time off from his job with defendant and begin

undergoing chemotherapy and radiation treatment. On or about November 28, 2008, Murphy received a written note from his doctor advising that he would need to miss the next 4 months of work for this treatment. Murphy forwarded the note to defendant's human resources division but received no response from them. At approximately the same time Murphy talked to his regional supervisor, Jim Yarborough, regarding what to do. Mr. Yarborough was very understanding and made it clear to Murphy that if he continued to work he would have whatever accommodation he needed to receive treatment. This included missing work and turning in weekly reports when he was physically able, even if they were late. Murphy agreed.

9. On December 1, 2, 3, 4, 17, 18, 19 of 2008 and again on January 8, 9, 22, 23, 29, 30, February 11 and 12, March 4, 5, and 6 of 2009 Murphy had doctor's visits and chemotherapy treatments to battle the cancer. The days for this treatment tended to fall towards the end of the week and were usually Thursdays and Fridays. Some of the most common side effects of cancer and chemotherapy treatment include fatigue, problems related to nutrition and weight management, nausea, hair loss, and memory and concentration loss. During the time that he was undergoing chemotherapy treatment, Murphy experienced all of these symptoms. Nevertheless, and with the help of his wife, Murphy continued making his assigned trips and completed his work for defendant during those 4 months on the days when he was not receiving treatment.

10. Then, on March 20, 2009 Mike Velasquez – defendant's Vice President – terminated Murphy. The only documented reason was that Murphy "failed to meet basic administrative duty requirements relative to providing Weekly Itineraries and timely

Murphy v. Spears – Plaintiff's Original Petition & Request for Disclosure
- 3 -

entry of Activity Reports..." The specific reports mentioned in the Vice President's termination notice were due at the end of the day on Friday and the beginning of the day on Monday. As previously illustrated, these were days that Murphy was receiving cancer treatment with approval from his supervisor. Moreover, defendant did not allow employees like Murphy to access to their computer systems to prepare these reports on the weekend or after 5:00 p.m. Because of these restrictions, the only time that Murphy could have "timely" prepared the reports by the end of the week or by the beginning of the week was while he was receiving chemotherapy.

11.  This means that – without a reasonable accommodation – Murphy would have to choose between typing reports and battling cancer, but not both. Murphy's supervisor granted him the reasonable accommodation of seeing his physicians and turning in the reports afterwards, even if they were late. When defendant's Vice President fired Murphy, defendant was expressly denying Murphy that reasonable accommodation, and discriminating against him because of his disability (cancer).

## Causes of Action

### *Violation of the Americans With Disabilities Act*
### *42 U.S.C. § 12112*

12.  Plaintiff incorporates paragraphs 7 through 11 by reference for all purposes as if fully restated herein.

13.  The 2008 amendments to the Americans with Disabilities Act took effect January 1, 2009. Under the amended act no employer "shall discriminate against a qualified individual on the basis of disability in regard to...discharge...and privileges of

employment." The amendments were expressly drafted to expand the previously narrow reading of the term "disability" and "major life activity" to include "normal cell growth;" i.e. cancer.[1] Cancer is a condition that has been determined to "consistently meet the definition of disability" under the amendments.[2] As a result, Murphy was a disabled individual in March 2009 as defined by the ADA.

14. When defendant terminated Murphy, defendant did so for the express reason that Murphy was unable to turn in every weekly report on time because he was receiving chemotherapy and medical treatment. By so doing, defendant (1) failed to provide a reasonable accommodation to Murphy and/or (2) discriminated against him by utilizing standards, criteria, or methods of administration that have the effect of discrimination on the basis of disability. As such, Murphy's termination constitutes discrimination against a disabled individual in violation of 42 U.S.C. § 12112.

## Damages

15. Plaintiff incorporates paragraphs 7 through 11 and paragraphs 13 and 14 by reference for all purposes as if fully restated herein.

16. Murphy sues for compensatory damages including back pay and/or past lost wages, mental anguish, and loss of enjoyment of life in an amount not to exceed the statutory cap of $300,000.00. As reinstatement of employment in this matter is not feasible, Murphy also sues for front pay and/or future lost wages in an amount not to exceed $100,000.00.

---

[1] 42 U.S.C. § 12102(1); (2)(B).
[2] *See* § 1630.2(5) of the EEOC Proposed Regulations to the 2008 amendments.

Murphy v. Spears – Plaintiff's Original Petition & Request for Disclosure

17.   When defendant terminated Murphy for having cancer, defendant did so with malice and/or reckless indifference to Murphy's legally protected rights under the Americans with Disabilities Act as amended.  Defendant did so with full knowledge of Murphy's disability and in fact because Murphy was disabled.  As such, Murphy sues for exemplary damages as a result of defendant's intentional acts.

18.   Lastly, Murphy sues for reasonable and necessary attorneys fees as provided for and authorized by 42 U.S.C. § 2000e-5(k) and all costs of court and pre-judgment and post-judgment interest.

### Conditions Precedent

19.   Murphy hereby certifies and pleads that all conditions precedent – including the exhaustion of administrative remedies – have been fully performed and complied with and attaches hereto as Exhibit "1" his Right to Sue letter dated August 5, 2010 from the Equal Employment Opportunity Commission authorizing this suit.

### Demand for Jury Trial

20.   Murphy hereby demands trial by jury in this matter and tenders the appropriate fee.

### Request for Disclosure

21.   Pursuant to Rule 194, you are requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2(a) – (l).

### Prayer

22.   WHEREFORE, PREMISES CONSIDERED, Murphy prays that this Court issue citation against defendant and return said citations to counsel for plaintiff to

effectuate service of process and that upon service, response, and examination of the evidence the Court enter judgment in favor of Murphy and against defendant and that Murphy be awarded all relief, in law or equity, to which he may show himself justly entitled.

Respectfully submitted,
The Andresen Firm, PLLC

By: _____
Jonathan C. Andresen
State Bar No. 24045411
Bank of America Center
700 Louisiana, Suite 2770
Houston, Texas 77002
(713) 335-0155 telephone
(713) 335-0156 facsimile

ATTORNEYS FOR MURL MURPHY



I, Loren Jackson, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date
Witness my official hand and seal of office
this _____ October 18, 2010 _____

Certified Document Number: __46415492__ (Total Pages 7)

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com

4P

CONFIRMED FILE DATE: 9/21/2010

# Exhibit "1"

Certified Document Number: 46415493 - Page 1 of 4

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: Murl E. Murphy<br>11706 Regency Forest<br>Cypress, TX 77429 | From: Houston District Office<br>1919 Smith St, 7th Floor<br>Houston, TX 77002 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2009-32610 | Joel Lara,<br>Enforcement Supervisor | (713) 209-3380 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____  8/5/10
R.J. Ruff, Jr.,                      (Date Mailed)
District Director

Enclosures(s)

cc:  Wayne Spears                          Johnathan C. Andresen, Esq.
     Owner                                 700 Louisiana Street # 2770
     SPEARS MANUFACTURING COMPANY          Houston, TX 77002
     15853 Olden Street
     Sylmar, CA 91342                      Texas Workforce Commission Civil Rights
                                           Division
     Amy B. Pinske, Esq.                   101 E 15th STREET # 144T
     300 S Grand Avenue 22nd floor         AUSTIN TX 78711
     Los Angeles, CA 90071

Certified Document Number: 46415493 - Page 2 of 4

Enclosure with EEOC
Form 161-B (11/09)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** — **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** — **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** — **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** — **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>846-2009-32610 |
|---|---|---|

**Texas Workforce Commission Civil Rights Division** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>Mr. Murl E. Murphy | Home Phone (Incl. Area Code)<br>(281) 469-6079 | Date of Birth<br>12-22-1945 |
|---|---|---|

Street Address: 11706 Regency Forest, Cypress, TX 77429

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>**SPEARS MANUFACTURING COMPANY** | No. Employees, Members<br>201 - 500 | Phone No. (Include Area Code)<br>(818) 364-6766 |
|---|---|---|

Street Address: 15853 Olden Street, Sylmar, CA 91342

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☒ DISABILITY ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 03-20-2009  Latest: 03-20-2009
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I was hired in July, 2007, as a Service Technical Representative. On November 28, 2008, I was diagnosed as having a disability. Immediately thereafter, I notified my employer of my diagnosis. On March 20, 2009, I was discharged by the company and my immediate supervisor, Jim Yarbrough, Field Technical Service Manager for the Western Region, refused to sign my termination notice because he didn't agree with the company's decision to terminate me.

II. The termination document I received on March 20, 2009, included what I believe to have been various contrived justifications for my termination.

III. I believe I have been discriminated against because of my disability in violation of the Americans with Disabilities Act of 1990, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

April 23, 2009  X Murl Murphy
Date  Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements
MY COMMISSION EXPIRES July 23, 2012

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT
X Murl Murphy

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)
4-23-09

Certified Document Number: 46415493 - Page 4 of 4



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this _____ October 18, 2010 _____

Certified Document Number: ___46415493__ (Total Pages 4)

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com