UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MURL MURPHY, § | |
|     *Plaintiff,* § | |
| § | |
| v. § | CIVIL ACTION H-10-4259 |
| § | |
| SPEARS MANUFACTURING COMPANY, INC., § | |
|     *Defendant.* § | |

**MEMORANDUM AND ORDER**

Pending before the court is defendant Spears Manufacturing Company, Inc.'s ("Spears") motion for summary judgment. Dkt. 11. Plaintiff's response was due on September 21, 2011, but no response has been filed. Under the Local Rules of the Southern District of Texas, "[f]ailure to respond will be taken as a representation of no opposition." S.D. TEX. LOC. R. 7.4. After considering the motion and the applicable law, the motion is GRANTED.

**BACKGROUND**

Plaintiff Murl Murphy worked for Spears from July 18, 2007 as a Technical Service Representative until he was terminated on March 20, 2009. Dkt. 11 at 2-7. Murphy had a history of performance issues beginning on May 9, 2008, and continuing through the date of his termination. *Id.* More specifically, Murphy received a written warning on July 15, 2008 detailing eight specific deficiencies in his performance and he was informed that a failure to remedy the deficiencies could lead to "possible termination of employment." *Id.* at 6.

Plaintiff was diagnosed with non-Hodgkin's lymphoma in November of 2008, and he informed his supervisor. *Id.* Plaintiff underwent chemotherapy from that point through March of 2009. *Id.* Plaintiff had difficulty performing his assigned sales calls due to complications arising from his chemotherapy, but he did not inform his supervisor. *Id.* Plaintiff's employment was

terminated on March 20, 2009 because he "failed to meet basic administrative duties required relative to providing Weekly Itineraries and timely entry of Activity Reports" which echoed the concerns in the written warning he received on July 15, 2008. *Id*. at 7.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 23, 2009 and received his right to sue letter on August 5, 2010. Dkt. 1-2. Plaintiff did not assert during the EEOC proceeding that Spears failed to accommodate his disability. Plaintiff filed this case in state court alleging a violation of the Americans with Disabilities Act ("ADA"). This case was removed to this court on the basis of federal question jurisdiction. Dkt. 1. Spears moves for summary judgment asserting that plaintiff cannot meet his burden of proving a *prima facie* case of discrimination, and that plaintiff's accommodation claim is not properly before the court because it was not presented to the EEOC. Dkt. 11. Plaintiff has not responded to the motion.

## ANALYSIS

### A. Summary Judgment Standard

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact. *Id.* at 322. If the moving

party fails to meet this burden, then it is not entitled to summary judgment and no defense to the motion is required. *Id*.

"For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995); *see also Celotex*, 477 U.S. at 323–25. To prevent summary judgment, "the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986) (quoting FED. R. CIV. P. 56(e)).

As noted above, plaintiff did not respond to the motion for summary judgment. A court cannot grant a "default" summary judgment in this situation. *Eversley v. MBank of Dallas*, 843 F.2dd 172, 174 (5th Cir. 1988). However, where no response has been filed to a well-pleaded motion for summary judgment, a court may treat the facts set forth in the motion for summary judgment as undisputed. *Id.*; see also *Thompson v. Eason*, 258 F.Supp.2d 508, 515 (N.D. Tex. 2003) (where no opposition is filed, the nonmovant's unsworn pleadings are not competent summary judgment evidence and movant' s evidence may be accepted as undisputed).

## B. The *McDonnell Douglas* Framework

All ADA claims are subject to the burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S. Ct. 1817 (1973). *See Raytheon v. Hernandez*, 540 U.S. 44, 50 n.3, 124 S. Ct. 513 (2003) (finding that *McDonnell Douglas* burden-shifting scheme applies to discriminatory-treatment cases including those under the ADA). *McDonnell Douglas* instructs that:

> The plaintiff must first establish a *prima facie* case of [discrimination] . . . . Once the plaintiff presents a *prima facie* case, the defendant must then articulate a legitimate, nondiscriminatory reason for the questioned employment action . . . . If the defendant is able to do so, the burden shifts back to the plaintiff to produce evidence that the defendant's articulated reason is merely pretext for discrimination.

*Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 957 (5th Cir. 1993); *Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 40 (5th Cir. 1996).

### C. Disability Discrimination Claim

To establish a *prima facie* case of disability discrimination, a plaintiff must show (1) he is disabled or is regarded as disabled; (2) he is qualified for the job; (3) he was subjected to an adverse employment action on account of his disability; and (4) he was replaced by or treated less favorably than non-disabled employees. *Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 511 (5th Cir. 2003). Spears concedes the first two elements, but asserts that plaintiff cannot establish the third and fourth elements. The court finds that the fourth element is not satisfied and, therefore, will grant the motion for summary judgment.

To satisfy the fourth prong of his *prima facie* disability discrimination case, Murphy must demonstrate that he was treated less favorably than other non-disabled employees. *Gowesky*, 321 F.3d at 511. The Fifth Circuit has held that to establish a *prima facie* case of discrimination, the plaintiff must show that other employees were treated differently under circumstances "nearly identical" to his. *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir. 1995). Plaintiff has made no showing in this regard, and has, therefore, failed to establish a *prima facie* case of disability discrimination. Spears is entitled to summary judgment on this claim.

### D. Failure to Make a Reasonable Accommodation Claim

The ADA requires employers to provide "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or

employee" unless doing so "would impose an undue hardship" to the employer. 42 U.S.C. § 12112(b)(5)(A); *Barber v. Nabors Drilling U.S.A., Inc.*, 130 F.3d 702, 706 (5th Cir. 1997). The term "qualified individual with a disability" means "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *See* 42 U.S.C. § 12111(8). The term "reasonable accommodation" may include making existing facilities used by employees readily accessible and usable by individuals with disabilities and granting part-time or modified work schedules. *Id.* § 12111(9). The employer's obligation to provide a reasonable accommodation is triggered by the employee's request for an accommodation. *See Taylor v. Principal Fin. Group, Inc.*, 93 F.3d 155, 165 (5th Cir. 1996) (citing the ADA's implementing regulations).

An ADA plaintiff must exhaust administrative remedies before commencing an action in federal court. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996). A failure to exhaust remedies will result in dismissal of plaintiff's claims on the merits. *Id.* In this respect, an ADA action is limited to the scope of the plaintiff's administrative charge and to the EEOC investigation that can reasonably be expected to grow out of the charge of discrimination. *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006). Plaintiff made no allegations before the EEOC that he requested an accommodation, or that Spears failed to respond to such a request. Therefore, plaintiff made no allegations in his EEOC complaint that could reasonably lead to an investigation of a failure to accommodate claim. Therefore, administrative remedies have not been exhausted, and Spears is entitled to summary judgment with respect to this claim.

## CONCLUSION

For the reasons states above, Spears's motion for summary judgment (Dkt. 11) is GRANTED.

It is so ORDERED.

Signed at Houston, Texas on October 17, 2011.

_____
Gray H. Miller
United States District Judge